## Dan Lay v. The State.

### No. 3876.   Decided June 17, 1908.

**Assault to Murder—Aggravated Assault—Premeditation—Charge of Court.**
Where upon trial for assault with intent to murder the-evidence showed that the defendant struck deceased, who was not suspecting his approach, with a large single-tree and knocked him down, leaving him unconscious, and the court's charge submitted a proper presentation of all the law and also of the law of aggravated assault applicable to the facts, and as to intent to injure, there was no error in failing to charge on premeditation in this connection.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of assault to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary.

The charge of the court presents the issues of assault to murder, aggravated assault, and self-defense. On the issue of aggravated assault the court submitted three theories: First, passion producing adequate cause; second, serious bodily injury inflicted, and third, assault with a deadly weapon. Counsel in his criticism of the charge on aggravated assault insists that the court should have told the jury that the assault must be made with premeditation and unlawful intent to injure. We do not believe this was required. If the assault was with unlawful intent to injure, it certainly was premeditated. The charge is a proper presentation of all the law of aggravated assault applicable

to the facts of this case. The injured party was working at his black-smith shop grinding an axe without suspecting any harm from appellant. According to the State's testimony the defendant walked up, taking a large single-tree, and knocked him down, leaving him in an unconscious condition for a long while. The defendant's testimony, however, attempting to contravene this on cross-examination, practically shows the same facts.

We think the evidence amply supports the verdict, and finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*